UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIVIANETTE CASILLAS
RODRIGUEZ,

    Plaintiff,

v.                                                    Case No. 3:25-cv-266-MMH-SJH

WALLACE EGERTON
RADCLIFFE, et al.,

    Defendants.

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action in state court by filing a four-count Complaint and Demand for Jury Trial (Doc. 6; Complaint). On March 11, 2025, Defendants removed the action to this Court. See Notice of Removal (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321–23. Relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing

so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, Count II appears to combine claims for failure to train, failure to supervise, negligent hiring, and negligent retention into one count. See Complaint at 6–7. Because the Complaint does not separate these causes of action into different counts it is an improper shotgun pleading. See Finch v. Carnival Corp., 701 F. Supp. 3d 1272, 1283 (S.D. Fla. 2023) ("[N]egligent hiring, negligent retention, and negligent training are different causes of action with distinct elements requiring separate findings."). As such, Plaintiff is directed to file a corrected complaint separating each distinct negligence claim into a separate count.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Complaint and Demand for Jury Trial (Doc. 6) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **April 4, 2025**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

4. Defendants' Motion to Dismiss Count II of the Complaint (Doc. 4) is **DENIED**, without prejudice, as moot.[2]

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of March, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

[2] Defendants are cautioned that before filing a renewed motion to dismiss they must first comply with Local Rule 3.01(g). Additionally, Defendants' renewed motion to dismiss and answer must be filed as separate documents.